**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cv-235-FDW**
**(3:00-cr-210-FDW-4)**

| | | |
|---|---|---|
| **EVERTON BARTLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 3).

## I. BACKGROUND

Pro se Petitioner Everton Bartley Bartley, a Jamaican national, conspired to smuggle multiple shipments of powder cocaine from Jamaica into the United States, where the cocaine was converted into crack cocaine and distributed in North Carolina and elsewhere. See (Case No. 3:04cv511, Doc. No. 12 at 3). Petitioner was a co-leader of the conspiracy. (Id.). Petitioner, and five of his co-conspirators, were indicted and charged with conspiracy to possess with intent to distribute 500 grams or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1), 846, 851; and conspiracy to import 500 grams or more of powder cocaine, in violation of 21 U.S.C. § 952, 963, 960. (Id. at 2).

On September 26, 2001, the Government filed a 21 U.S.C. § 851 Information, noticing Petitioner's nine prior felony drug convictions: a 1992 New Jersey conviction for possession of marijuana with intent to distribute; a March 1996 New Jersey conviction for the manufacture and

distribution of a controlled substance; an April 1996 New Jersey conviction for possession with intent to distribute cocaine; and 1994 North Carolina convictions for possession with intent to sell and deliver cocaine (two counts), possession with intent to sell and deliver marijuana (two counts), felony possession of marijuana, and maintaining a place for controlled substances. (Crim. Case No. 3:00cr210-FDW-4, Doc. No. 94: Amended Information Pursuant to Section 851).

A jury convicted Petitioner of both counts of the indictment. (Id., Doc. No. 107: Jury Verdict). Due to his prior felony drug convictions, he was sentenced, on September 30, 2002, to a statutory mandatory minimum term of life imprisonment on Count One and to a 20-year concurrent sentence on Count Two. (Id., Doc. No. 139). Petitioner appealed, arguing that his rights under the Speedy Trial Act had been violated. See (Id., Doc. No. 152). The Fourth Circuit affirmed, and the Supreme Court denied his petition for a writ of certiorari.

In October 2004, Petitioner filed a motion to vacate under § 2255, arguing that his convictions and life sentence were imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Almendarez-Torres v. United States, 523 U.S. 224 (1998), and that he had received ineffective assistance of counsel. (Crim. Case No. 300-cr-210-FDW-4, Doc. No. 184: Case No. 3:04cv511). This Court denied his motion, and the Fourth Circuit denied a certificate of Appealability and dismissed his appeal. (Id., Doc. Nos. 199, 207). Subsequently, Petitioner also unsuccessfully sought relief from his sentence based on amendments to the Sentencing Guidelines. (Id., Doc. Nos. 248, 259). Almost fourteen years after his conviction became final, Petitioner filed the present second motion to vacate, arguing that his predicate felony drug convictions do not support his life sentence in light of the vacatur of one of his state court convictions.

Because Petitioner had filed a prior 28 U.S.C. § 2255 motion and had not obtained authorization under 28 U.S.C. § 2244 to file the present motion, the Government moved to dismiss his motion to vacate for lack of jurisdiction on August 4, 2017.  (Civ. Doc. No. 3).  In response, Petitioner affirmatively abandoned all claims, except for his argument that he is entitled to be resentenced due to the vacatur of his April 1996 New Jersey conviction for possession with intent to distribute cocaine.  (Civ. Doc. No. 5 at 2).  In light of this concession, this Court ordered the Government to respond to Petitioner's assertion that his motion is not successive.  (Civ. Doc. No. 6).  The Government filed its supplemental response on September 8, 2017.  (Doc. No. 7).  After receiving an extension of time to file a Reply, Petitioner filed a Reply on October 16, 2017.  (Doc. No. 9).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  After examining the record in this matter and the Government's Response, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, after the Government filed its initial response, seeking dismissal based on its argument that the petition was successive, Petitioner filed a response, in which he indicated that he was abandoning all of his claims except for his argument that he is entitled to be resentenced due to the vacatur of his April 1996 New Jersey conviction for possession with intent to

distribute cocaine.  The Government now states in its supplemental response that, in light of Petitioner's abandonment of all claims except for the vacatur of one of his prior convictions, his motion is not successive.  See United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that where the facts relied on in a second Section 2255 motion did not exist at the time of the first Section 2255 motion, the second motion should not be considered successive). Therefore, he does not need authorization from the Fourth Circuit to proceed.  The Government further argues, however, that although this Court has jurisdiction over the motion, it should be dismissed as untimely.  For the following reasons, the Court agrees.[1]

A one-year statute of limitations applies to Section 2255 motions.  28 U.S.C. § 2255(f). This one-year period generally begins to run on the date that the judgment of conviction becomes final.  Id. § 2255(f)(1).  However, § 2255(f)(4) provides that the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  In 2005, the Supreme Court held in Johnson v. United States that where a petitioner succeeds in vacating a prior state conviction, the limitations period begins when he receives notice of the vacatur, "provided that he has sought [the vacatur] with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence."  544 U.S. 295, 298 (2005).  Thus, a Section 2255 petitioner is required to exercise reasonable diligence in challenging a state conviction used to enhance his federal sentence.

Petitioner was convicted of his federal offenses in October 2001, and he was sentenced in September 2002.  (Crim. Case No. 300-cr-210-FDW-4, Doc. No. 107: Jury Verdict; see also

---

[1]  The Government further argues that Petitioner's motion to vacate is subject to dismissal on the merits because he still has two or more prior felony drug convictions, under 21 U.S.C. § 841(b)(1)(A), even without the vacated 1996 New Jersey felony drug conviction.  Because the Court finds that Petitioner's challenge is untimely, the Court does not address the Government's alternative argument on the merits.

Doc. Entry of Sept. 30, 2002). The Fourth Circuit affirmed his conviction in May 2003. <u>United States v. Bartley</u>, 62 F. App'x 547 (4th Cir. 2003). Petitioner filed his first Section 2255 motion in October 2004. (Crim. Case No. 300-cr-210-FDW-4, Doc. No. 184). Twelve years later, in November 2016, the State of New Jersey filed a motion to vacate Petitioner's 1996 state conviction, noting that in April 2002, the State had filed a number of motions to vacate convictions based on claims of racial profiling. (Civ. Doc. No. 1 at 39-41).

Petitioner has made no showing that he had to wait over a dozen years to challenge his prior state conviction on the grounds of racial profiling, nor has he shown that he attempted to challenge his prior New Jersey conviction within a year of the State's recognition in 2002 that similar convictions should be vacated. Rather, it appears that he did not pursue such relief until 2016. Petitioner asserts that he only learned about other New Jersey dismissals based on racial profiling "by chance" through another inmate and that because he was housed in federal custody, he did not have access to state law books. (Civ. Doc. No. 1 at 8). He contends that he acted quickly on the information from the other inmate by challenging his prior conviction. However, he has not shown that a decade-long delay in challenging his prior conviction constitutes "reasonable diligence." Here, as in <u>Johnson</u>, "[s]ince there is every reason to believe that prompt action would have produced a state vacatur order well over a year before [Petitioner] filed his § 2255 petition, the fourth paragraph of § 2255[f] is unavailable," <u>Johnson</u>, 544 U.S. at 311, and Petitioner has not suggested another basis under Section 2255 for finding that his motion was timely. Because Petitioner has not shown that he diligently pursued relief from his prior state conviction, his motion to vacate will be dismissed as time-barred.

Petitioner's challenge to his prior conviction is also untimely pursuant to the statute of limitations in Section 851. Under 21 U.S.C. § 851(e), "[n]o person who stands convicted of an

offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Petitioner was notified that the Government intended to use the April 1996 prior conviction in the Amended Section 851 Information, which was filed in September 2001. (Crim. Case No. 300-cr-210-FDW-4, Doc. No. 94). Thus, because his prior conviction occurred more than five years before the Information charging the prior conviction, he is barred by Section 851(e) from challenging it. See St. Preux v. United States, 539 F. App'x 946, 948 (11th Cir. 2013) (affirming denial of Section 2255 relief where challenge to now-dismissed prior conviction was barred by the limitations period in Section 851(e)); Bazan v. United States, 49 F. Supp. 2d 464, 467 (W.D.N.C. 1998) (holding in Section 2255 proceeding that challenge to prior conviction was time-barred under Section 851(e)).

In sum, for the reasons stated herein, Petitioner's challenge based on his vacated state court conviction will be dismissed as untimely. Accord Self v. United States, Civ. No. 2:13-cv-49-MR, 2015 WL 5330486, at *5 (W.D.N.C. Sept. 12, 2015) (finding that, under Johnson, the petitioner did not act with due diligence where the petitioner took no action to have his state conviction set aside until three years after the federal sentence was imposed), appeal dismissed, 638 F. App'x 247 (4th Cir. 2016); In re Milton, 155 F. App'x 614, 617 (3d Cir. 2005) (finding that, under Johnson, the petitioner did not act with due diligence where the petitioner took no action to have his state convictions set aside until 22 months after federal sentence was imposed); Garrett v. United States, Civ. No. 412-237, 2013 WL 652563, at *3 (S.D. Ga. Feb. 21, 2013) (finding that, under Johnson, the petitioner did not act with due diligence where the petitioner waited 219 days to contact counsel and filed his vacatur petition 838 days after his federal conviction); Wright v. United States, No. 7:06-CV-68(HL), 2007 WL 3090804, at *5

(M.D. Ga. Oct. 19, 2007) (finding that where the petitioner hired an attorney to seek vacatur of his conviction within one year of the federal conviction, the 21-month delay in filing the vacatur petition was not reasonable; petitioner's argument that attorney's delay should not be attributed to him "is not supported by law"), aff'd, 301 F. App'x 871 (11th Cir. 2008).

## IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Section 2255 Motion to Vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2.      The Government's pending Motion to Dismiss for Lack of Jurisdiction, (Doc. No. 3), is **DENIED** as moot, given the Government's concession that Petitioner's only remaining claim is not successive.

2.      Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: October 20, 2017

Frank D. Whitney
Chief United States District Judge